UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RESOURCE RENEWAL INSTITUTE, CENTER FOR BIOLOGICAL DIVERSITY, and WESTERN WATERSHEDS PROJECT,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL PARK SERVICE, a federal agency, and CICELY MULDOON, in her official capacity as Superintendent of Point Reyes National Seashore,<br><br>Defendants. | Case No:  C 16-0688 SBA<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND SETTING BRIEFING SCHEDULE** |

Plaintiffs Resource Renewal Institute, Center for Biological Diversity and Western Watersheds Project filed the instant action against the National Park Service and Cicely Muldoon on February 10, 2016.  They seek to challenge Defendants' practice of authorizing private livestock ranching on approximately 18,000 acres of the Point Reyes National Seashore.  The Complaint alleges three claims for relief:  (1) violation of the Administrative Procedures Act, 5 U.S.C. § 701, based on Defendants' alleged refusal or failure to revise the General Management Plan for the Point Reyes National Seashore in a timely manner, as required by the National Park Service Act, 54 U.S.C. §§ 100101, 100502; (2) violation of the National Environmental Protection Act, 42 U.S.C. § 4321, based on the issuance of ranching authorizations; and (3) violation of the Point Reyes Act, 16 U.S.C. § 459c, also based on the issuance of ranching authorizations. Dkt. 1.  In

response to the Complaint, Defendants have filed a Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, for a More Definite Statement, which is noticed for hearing on July 13, 2016.  Dkt. 26.  Briefing on that motion remains open.

An initial Case Management Conference was scheduled for May 24, 2016.[1]  In the Joint Case Management Conference Statement filed in anticipation thereof, the parties indicate that they disagree regarding the preparation and production of the administrative record.  Dkt. 27.  In particular, Defendants refuse to discuss a date for production of the administrative record until after the Court has ruled on their motion.  Id. at 5, 6.  Whether Defendants' motion is meritorious, of course, is presently unknown.  As such, in order to avoid unnecessary delay, the parties shall meet and confer regarding a mutually agreeable date for Defendants to produce the administrative record.  If no agreement is reached, the parties may propose a deadline for such production.

The parties also dispute whether discovery is appropriate in this case.  Defendants take the position that Plaintiffs' claims are limited to the administrative record, and therefore, discovery is not appropriate.  Likewise, Defendants contend that they are exempt from the initial disclosure requirement on the ground that the action is limited to a review of the administrative record.  Plaintiffs counter that their discovery is permissible and that they are entitled to initial disclosure relating to their first claim for relief, which alleges that Defendants have unreasonably delayed an action regarding the General Management Plan.  To resolve this impasse, the Court directs the parties to submit briefing as set forth below.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. The telephonic Case Management Conference scheduled for May 24, 2016, is CONTINUED to <u>July 27, 2016 at 2:30 p.m.</u>  At least seven (7) calendar days prior to the conference, the parties shall meet and confer and file an Updated Joint Case Management

---

[1] The initial Case Management Conference was scheduled prior to Defendants' filing of their motion.  In the interest of judicial economy, the Court will continue the Case Management Conference to a date after the hearing on Defendants' motion to dismiss.

Statement in accordance with Civil Local Rule 16-9.  Plaintiffs' counsel shall be responsible for filing the Joint Case Management Statement and setting up the conference call.  At the date and time indicated above, Plaintiff's counsel shall call (510) 879-3550 with all parties on the line.  NO PARTY SHALL OTHERWISE CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

  2. The parties shall meet and confer in good faith regarding a mutually acceptable date for the production of the administrative record.  The Court encourages the parties to agree upon a production date, thereby avoiding the need for judicial intervention.  If no agreement is reached, within seven days of the date this order is filed, the parties may submit a joint letter brief setting forth each side's respective proposed deadline to produce the Administrative Record.

  3. Within seven days of the date this order is filed, Plaintiffs shall file a memorandum in support of their request to conduct discovery and/or to compel Defendants to provide their initial disclosures.  Defendants' response shall be filed within seven days thereafter.  Plaintiffs' reply shall be filed no later than two days after Defendants file their response.  The opening and response briefs are limited to five pages and the reply is limited to two pages.  The Court will take the matter under submission upon the filing of Plaintiffs' reply.

  IT IS SO ORDERED.

Dated: 6/1/16

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge