UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RESOURCE RENEWAL INSTITUTE, CENTER FOR BIOLOGICAL DIVERSITY, and WESTERN WATERSHEDS PROJECT,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL PARK SERVICE, a federal agency, and CICELY MULDOON, in her official capacity as Superintendent of Point Reyes National Seashore,<br><br>Defendants. | Case No:  C 16-0688 SBA<br><br>**ORDER RE REFERRAL FOR EARLY MANDATORY SETTLEMENT CONFERENCE** |

Plaintiffs Resource Renewal Institute, Center for Biological Diversity and Western Watersheds Project (collectively, "Plaintiffs"), bring the instant action under the Administrative Procedures Act, 5 U.S.C. § 701, against the National Park Service and Cicely Muldoon (collectively, "Defendants"). Plaintiffs contend that Defendants have violated various federal laws by failing to revise the General Management Plan for the Point Reyes National Seashore ("Seashore") and continuing to authorize dairy farming and cattle ranching activities at the Seashore without conducting the requisite environmental review.

The Court recently denied Defendants' motion to dismiss for lack of jurisdiction, but granted their alternative motion for a more definite statement regarding which particular ranching authorizations are at issue in this action. Dkt. 49.  In addition, the parties have notified the Court of Plaintiffs' intention to file a motion for preliminary injunction to enjoin Defendants from issuing a Ranch Management Plan and/or new grazing

authorizations or leases before a revised General Management Plan/Environmental Impact Study is completed.  See Dkt. 27, 53.

Plaintiffs' anticipated motion for preliminary injunction—and the further litigation of this action—are likely to consume a considerable amount of the parties and the Court's time and resources.  In addition, the Court's rulings may lead to the filing of one or more appeals, engendering additional costs and further delaying the final resolution of the instant dispute.  As such, the Court finds that it is in the parties' best interest to engage in a good faith attempt to resolve the action on terms that are mutually acceptable to them.  To that end, it is the Court's intention to refer this action to a magistrate judge for a mandatory settlement conference, which will be scheduled on an *expedited* basis (i.e., within the next 30 to 60 days, depending on the assigned magistrate judge's availability).  Accordingly,

IT IS HEREBY ORDERED THAT the parties shall meet and confer forthwith in an effort to mutually identify three possible magistrate judges of this Court to conduct the settlement conference.  If the parties cannot reach such an agreement, they shall separately list their preferences.  The parties shall jointly file their list of proposed settlement judges by no later than July 27, 2016.

IT IS SO ORDERED.

Dated:  7/22/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge