JEFFREY H. WOOD
Acting Assistant Attorney General
JOSEPH T. MATHEWS (Colo. Bar No. 42865)
Trial Attorney, U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202) 305-0432
Facsimile: (202) 305-0506
Email: joseph.mathews@usdoj.gov

BRIAN J. STRETCH (Cal. Bar No. 163973)
United States Attorney
SARA WINSLOW (DC Bar No. 457643)
Chief, Civil Division
MICHAEL T. PYLE (Cal. Bar No. 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Facsimile: (408) 535-5081
Email:  michael.t.pyle@usdoj.gov

Attorneys for Federal Defendants

KEKER, VAN NEST & PETERS, LLP
JEFFREY R. CHANIN - # 103649
jchanin@keker.com
DAVID W. RIZK - # 284376
drizk@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

ADVOCATES FOR THE WEST
LAURENCE ("LAIRD") J. LUCAS - #124854
llucas@advocateswest.org
ELIZABETH H. POTTER – (*pro hac vice* OR
Bar No. 105482)
epotter@advocateswest.org
P.O. Box 1612
Boise, ID  83701
Telephone:     208 342 7024
Facsimile:     208 342 8286

Attorneys for Plaintiffs
RESOURCE RENEWAL INSTITUTE,
CENTER FOR BIOLOGICAL DIVERSITY,
and WESTERN WATERSHEDS PROJECT

[ADDITIONAL COUNSEL LISTED ON
NEXT PAGE]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| RESOURCE RENEWAL INSTITUTE, CENTER FOR BIOLOGICAL DIVERSITY, and WESTERN WATERSHEDS PROJECT,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL PARK SERVICE, a federal agency, and CICELY MULDOON, in her official capacity as Superintendent of Point Reyes National Seashore,<br><br>Defendants. | Case No. 4:16-cv-00688-SBA (KAW)<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

ADDITIONAL COUNSEL:

Peter Obstler
Brown George Ross LLP
101 California Street (Suite 1225)
San Francisco CA 94111
Office: (415) 391-7100
Cell: (415) 307-5458
Fax: (415) 391-7198
Email: pobstler@bgrfirm.com

Attorneys for Rossotti Rancher Intervenors
JULIE EVANS ROSSOTTI, DAVID
EVANS, DAN and DOLORES EVANS,
ROBERT McCLURE, TIM, TOM, and
MIKE KEHOE, NICHOLA, ERNIE, and
ERNEST SPALETTA, JR., BETTY NUNES,
WILLIAM and NICOLETTE NIMAN,
LINDA and JARROD MENDOZA,
JOLYNN and ROBERT MCCLELLAND,
and ROBERT GIACOMINI

CAROLINE LOBDELL (Ore. Bar No. 021236)
*Pro Hac Vice*
SCOTT W. HORNGREN (Ore. Bar No. 88060)
*Pro Hac Vice*
Western Resources Legal Center
9220 SW Barbur Blvd., Suite 327
Portland, Oregon 97219
Telephone: (503) 768-8500
Facsimile: (503) 222-3255
Email: clobdell@wrlegal.org
          shorngren@wrlegal.org

REMY MOOSE MANLEY, LLP
HOWARD F. WILKINS III (SBN 203083)
555 Capitol Mall, Suite 800
Sacramento, CA 95814
Telephone: (916) 443-2745
Facsimile:  (916) 443-9017
Email:  cwilkins@rmmenvirolaw.com

Attorneys for Defendant-Intervenors
KEVIN and NANCY LUNNY; RICHARD
and JACKIE GROSSI; TED and RHEA
MCISAAC; GINO LUCCHESI, JR., and
CLAYTON LUCCHESI; MIKE and MORGAN
GIAMONNA; RICHARD GALLAGHER;
RALPH GIACOMINI, JR., and LUKE
GIACOMINI; FRED and GINNY ROGERS;
LOUIS and WYATT ZANARDI; and
PAULETTE PERCY

BRIAN E. WASHINGTON, SBN
146807
COUNTY COUNSEL
Office of the County Counsel, County of
Marin
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.:    (415) 473-6117
Fax:    (415) 473-3796
bwashington@marincounty.org
Attorney for County Intervenor
COUNTY OF MARIN

1

1  RESOURCE RENEWAL INSTITUTE, CENTER FOR BIOLOGICAL DIVERSITY, and
2  WESTERN WATERSHEDS PROJECT (collectively, "Plaintiffs"), NATIONAL PARK SERVICE
3  and CICELY MULDOON IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF POINT
4  REYES NATIONAL SEASHORE ("Defendants"), Defendant-Intervenors JULIE EVANS
5  ROSSOTTI, DAVID EVANS, DAN and DOLORES EVANS, ROBERT McCLURE, TIM, TOM, and
6  MIKE KEHOE, NICHOLA, ERNIE, and ERNEST SPALETTA, JR., BETTY NUNES, WILLIAM
7  and NICOLETTE NIMAN, LINDA and JARROD MENDOZA, JOLYNN and ROBERT
8  MCCLELLAND, and ROBERT GIACOMINI (the "Rossotti Ranchers"), KEVIN and NANCY
9  LUNNY, RICHARD and JACKIE GROSSI, TED and RHEA MCISAAC, GINO LUCCHESI, JR. and
10  CLAYTON LUCCHESI, MIKE and MORGAN GIAMONNA, RICHARD GALLAGHER, RALPH
11  GIACOMINI, JR., and LUKE GIACOMINI, FRED and GINNY ROGERS, and PAULETTE PERCY
12  ("the Lunny Ranchers"), the POINT REYES SEASHORE RANCHERS ASSOCIATION (the
13  "PRSRA"), and the COUNTY OF MARIN (collectively, "the Parties"), through undersigned counsel,
14  enter into the following Stipulated Settlement Agreement for the purpose of resolving the above-
15  captioned litigation without further judicial proceedings and for no other purpose.

16  A.  WHEREAS, Plaintiffs filed a lawsuit against Defendants on February 10, 2016, (ECF
17  No. 1) alleging that Defendants have unreasonably delayed a timely revision to the 1980 General
18  Management Plan ("GMP") for Point Reyes National Seashore ("Point Reyes") and violated the
19  National Environmental Policy Act ("NEPA"), the National Park Service ("NPS") Organic Act, and
20  the Point Reyes National Seashore Enabling Act, by authorizing year-round livestock ranching and
21  associated residential activities without preparing an environmental analysis of ranching's impacts on
22  Point Reyes;

23  B.  WHEREAS, the Court denied the Defendants' Motion to Dismiss Plaintiffs' Claims on
24  July 15, 2016, but granted Defendants' alternative Motion for a More Definite Statement (ECF No.
25  49);

26  C.  WHEREAS, Plaintiffs filed their First Amended Complaint on August 5, 2016 (ECF
27  No. 78);

28

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

D.      WHEREAS, Plaintiffs filed a Motion for Preliminary Injunction seeking to enjoin Defendants from proceeding with further work on a Comprehensive Ranch Management Plan or the issuance of any new long-term leases, permits, or authorizations for ranching exceeding one-year in duration until Plaintiffs' claims that a GMP should be completed first could be adjudicated (ECF No. 86), which Defendants opposed (ECF No. 106);

E.      WHEREAS, the Court entered an Order on July 22, 2016, referring the above-captioned action for a mandatory settlement conference (the "Settlement Conference") (ECF No. 55) with the Honorable Magistrate-Judge Donna M. Ryu (ECF No. 67) on September 20, 2016 (ECF No. 72);

F.      WHEREAS, the Rossotti Ranchers and the County of Marin reached agreement with Plaintiffs on terms of limited intervention (ECF Nos. 63, 73);

G.      WHEREAS, the Lunny Ranchers did not reach agreement with Plaintiffs on terms of intervention and moved the Court to intervene as of right on July 22, 2016 (ECF No. 56);

H.      WHEREAS, the Court granted in part and denied in part the Lunny Ranchers' motion to intervene on September 2, 2016 (ECF No. 96), and the Lunny Ranchers filed a protective notice of appeal on October 31, 2016 (ECF 117);

I.      WHEREAS, the Parties and representatives for the Lunny Ranchers, the Rossotti Ranchers, and the County of Marin participated in a Settlement Conference on September 20, 2016, with Judge Ryu and agreed to deadlines regarding next steps (ECF No. 112);

J.      WHEREAS, the Parties (as defined below), with the assistance of Judge Ryu, have reached an agreement to settle and resolve this litigation according to the terms and conditions set forth below;

K.      WHEREAS, the Parties agree that settlement of this case in the manner described below is in the public interest and their own interest, is in keeping with the statutes governing stewardship of the Point Reyes National Seashore, and provides a comprehensive planning solution for future management of the lands at Point Reyes and at the north district of the Golden Gate National Recreation Area that are currently leased for ranching and ancillary activities.

L.      WHEREAS, the Parties understand that the General Management Plan Amendment and

3

Environmental Impact Statement and associated Record of Decision as defined herein should provide sufficient direction to NPS to allow it to determine whether to issue leases for continued ranching operations. Nothing in this Agreement shall be construed as pre-decisional or as pre-determinative of the outcome of the planning process, or the future extent or existence of ranching, or the length of any future ranching lease, if any, within Point Reyes National Seashore or the north district of the Golden Gate National Recreation Area.

## DEFINITIONS

A.    "Agreement" means this Stipulated Settlement Agreement.

B.    "Drakes Beach herd" means those tule elk currently inhabiting or grazing on E Ranch, D Ranch, C Ranch, B Ranch, A Ranch, and all areas directly adjacent to those ranches.

C.    "EIS" means environmental impact statement pursuant to NEPA (defined below).

D.    "GMP" means the Point Reyes National Seashore General Management Plan of 1980.

E.    "GMP Amendment" means the partial amendment to Point Reyes National Seashore's General Management Plan of 1980 described in Paragraph 1 below.

F.    "Interim Lease" means an extension of an existing lease or permit for a term not to exceed the Interim Period, or a short-term lease not to exceed the remainder of the Interim Period issued after the expiration of a Reservation of Use and Occupancy or a Life Estate, that authorizes beef or dairy ranching operations within Point Reyes National Seashore or the north district of Golden Gate National Recreation Area.

G.    "Interim Period" means the period spanning from the date of entry of an Order by the Court approving this Agreement until one year after the due date for issuing the Record of Decision, for a total not to exceed five years.

H.    "NEPA" means the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 *et seq.*

I.    "NPS" means the National Park Service.

J.    "Parties" means the parties to this agreement, including Plaintiffs, Defendants, the Rossotti Ranchers, the Lunny Ranchers, the PRSRA, the County of Marin, and any other "Rancher" as defined herein who becomes a signatory to this Agreement.

4

K.      "Point Reyes" or "Seashore" mean Point Reyes National Seashore.

L.      "Rancher" or "Ranchers" means any person who is currently listed on a permit, lease, or other authorization, including a Reservation of Use and Occupancy or a life estate, who is authorized to operate a beef or dairy ranch within Point Reyes National Seashore or the north district of Golden Gate National Recreation Area, or any person who receives an Interim Lease under this Agreement.

NOW THEREFORE, in the interests of the public and the Parties, as well as judicial economy, the Parties herby stipulate and agree to the following terms in settlement of any and all claims in the above-captioned litigation:

## AGREEMENT

### A.      Federal Defendants' Planning Commitments

1.      In lieu of the Comprehensive Ranch Management Plan that NPS has been preparing, NPS shall prepare a GMP Amendment and an EIS that, at a minimum, addresses the lands currently leased for ranching in Point Reyes and in the north district of Golden Gate National Recreation Area.  In addition to the no action alternative, the GMP Amendment and EIS shall give full consideration to, and disclose the impacts of, at least the following action alternatives that will not be conditioned or dependent on ranchers' discretionary termination of their leases, permits, or ranching operations: a no ranching alternative, a reduced ranching alternative, and a no-dairy ranching alternative.  The GMP Amendment and EIS action alternatives will include both programmatic and detailed components addressing alternative strategies for future management of the lands that are currently leased for ranching, including the issues of ranch and elk management, except that the no ranching alternative need not address ranch management.  In preparing the GMP Amendment and the EIS, NPS will follow all applicable laws and policies, including, but not limited to, 54 U.S.C. § 100101(a), and will also address the four statutory elements of 54 U.S.C. § 100502 unless inapplicable.  The GMP Amendment and EIS may be combined in a single document ("GMP Amendment/EIS").

2.      This Agreement does not preclude NPS from exercising its lawful discretion to consider, and expressly preserves, NPS's right to examine other potential action alternatives.  This

5

Agreement also does not preclude NPS from exercising its lawful discretion to consider, as part of any action alternative, except for the no ranching alternative, management strategies or actions that include agricultural diversification; increased operational flexibility; the promotion of sustainable operational practices; and succession planning, among others.

3.      NPS shall issue a Record of Decision in accordance with 40 C.F.R. § 1505.2 and 43 C.F.R. § 46.450 for the GMP Amendment/EIS within four years from the date of approval of this Agreement by the Court.  Until NPS issues the Record of Decision for the GMP Amendment/EIS, it shall cease further work on and shall not release for public review the Comprehensive Ranch Management Plan or any other similarly comprehensive ranching plan of general applicability.

**B.      Actions During the Interim Period**

4.      During the Interim Period, NPS may issue Interim Leases, and may do so immediately after this Agreement becomes effective as defined herein.  The NPS may also issue Interim Leases to ranchers or their family members if a Reservation of Use and Occupancy or a life estate has expired, or expires, during the Interim Period.  NPS shall not issue any Interim Lease or ranching lease or permit to ranches operating within the Seashore and the north district of Golden Gate National Recreation Area for a term that exceeds the Interim Period until the Record of Decision is issued.  With the exception of the Interim Leases provided for herein, during the Interim Period NPS shall not issue any ranching leases or permits within Point Reyes National Seashore or the north district of Golden Gate National Recreation Area that have a term of greater than one year.  Provided, that NPS may agree with the current holder of a Reservation of Use and Occupancy or life estate that a family member can continue operations for the remainder of the Interim Period under a lease or permit in the event of the death of the holder of a Reservation of Use and Occupancy or life estate.

5.      The Interim Leases shall allow existing ranching operations to continue under current terms and conditions but shall not allow for expanded or new uses (e.g., additional or new types of livestock or crops, or other commercial operations like bed and breakfasts or processing facilities).  Ranchers shall comply with the terms and conditions of their leases, permits, or authorizations, which NPS has the sole power to enforce.  Other than the expiration date of a lease, permit, or authorization that was extended by an Interim Lease, nothing in this Agreement shall be

1   deemed to alter, amend, cancel, or modify any of the terms and conditions of the current leases,

2   permits, or authorizations.

3         6.    Ranchers currently holding leases for terms that extend beyond the Interim

4   Period shall be able to retain those leases, provided that NPS may not extend the term of such leases

5   until after the issuance of the Record of Decision under this Agreement.

6         7.    NPS shall not issue or extend any Interim Lease or ranching lease or permit that

7   authorizes ranching within the Seashore to any entities, operations, or persons who are not listed on

8   the current leases or permits prior to the issuance of the Record of Decision, except that NPS may, in

9   its discretion, approve assignment of Interim Leases granted during the Interim Period, or grant an

10   Interim Lease to, family members of ranchers, provided that those family members become a Party to

11   this Agreement by signing a counterpart signature page.  Any new signature page adding one or more

12   Parties to the Agreement need not be filed with the Court but the new Party must distribute the

13   signature page to all Parties.

14         8.    Nothing in this Agreement shall be deemed to alter, abridge, amend, or affect

15   any time period, terms, rights, obligations, or conditions provided for under any existing Right of

16   Reservation of Use and Occupancy or life estate retained by any Rancher operating within the

17   Seashore or the north district of Golden Gate National Recreation Area.

18         9.    Nothing in this Agreement shall be construed to alter NPS's authority to issue or

19   extend leases or permits after issuance of the Record of Decision, as permitted by applicable law.

20         10.    Prior to the issuance of the Record of Decision, NPS will preserve and manage

21   tule elk at the Seashore under its lawful authority, and shall endeavor to use non-lethal management

22   techniques to manage the population of the Drakes Beach herd.

23      **C.**    **Effective Date and Termination Date**

24         11.    This Agreement shall take effect immediately upon entry of an Order by the

25   Court approving this Agreement in its entirety and without any change.  If for any reason the District

26   Court does not enter an Order approving this Agreement in its entirety and without any change, the

27   obligations set forth in this Agreement shall become null and void.  If the Court does not approve this

28   Agreement in its entirety and without any change, then the Parties will meet and confer as soon as

1   possible to discuss a potential resolution of the Court's concerns; if they cannot reach agreement on

2   their own within three weeks' time (or longer upon agreement of the Parties), the Parties agree to

3   jointly request the assistance of Judge Ryu or, if she is unavailable, the assistance of another court-

4   appointed mediator.  This Agreement shall terminate one year after the issuance of the Record of

5   Decision as provided for herein.

6       **D.**    **Dismissal of Claims; Release and Reservation of Rights**

7           12.      Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Second and Third

8   Claims of Plaintiffs' First Amended Complaint are dismissed ***with prejudice*** by the Court effective

9   immediately upon entry of an Order by the Court approving this Agreement.  Such dismissal shall not

10  be deemed *res judicata* or otherwise be deemed to preclude or bar such claims as to other leases or

11  authorizations not listed in Plaintiffs' First Amended Complaint, except that Plaintiffs shall not assert

12  claims against other ranching leases or authorizations that are currently in effect and held by any

13  Rancher within the north district of the Golden Gate National Recreation Area who signs this

14  Agreement, and nothing herein shall be deemed to preclude claims by Plaintiffs for breach of this

15  Agreement as it relates to the Interim Leases.

16          13.      Pursuant to Federal Rule of Civil Procedure 41(a)(2), the First Claim of

17  Plaintiffs' First Amended Complaint is dismissed ***without prejudice*** by the Court effective

18  immediately upon entry of an Order by the Court approving this Agreement.  Following the date for

19  issuance of the Record of Decision for the GMP Amendment/EIS as provided in this Agreement,

20  Plaintiffs may reinstate their First Claim, *provided* that, in the event Plaintiffs seek to reinstate their

21  First Claim, Plaintiffs waive, relinquish, and shall not assert (1) any arguments or claims that the GMP

22  Amendment/EIS is illegal because it is only a partial amendment to the GMP, and (2) any arguments

23  or claims that NPS has acted illegally by, prior to fully revising the entire GMP, issuing the GMP

24  Amendment/EIS to address the future management of lands currently leased for ranching, the

25  management of ranching operations, and tule elk management on lands currently leased for ranching.

26  Nothing in this Agreement shall otherwise be deemed to alter, abridge, amend, or affect the scope of

27  Plaintiffs' First Claim in their First Amended Complaint, which only challenges NPS's alleged failure

28  to revise its GMP.

14.     Nothing in this Agreement constitutes a waiver of any defense to claims brought by Plaintiffs or that might be brought by Plaintiffs; Defendants, the Rossotti Ranchers, the Lunny Ranchers, the PRSRA and the County of Marin specifically reserve the right to raise all applicable defenses to any claim Plaintiffs may bring or reinstate.

15.     The Lunny Ranchers agree to dismiss their Ninth Circuit Appeal No. 16-17027 upon the Court's approval of this Agreement.

**E.     Parties to the Agreement**

16.     This Agreement is not intended to confer, and shall not be interpreted in a manner so as to confer, substantive or procedural rights or benefits on persons or entities that are not Parties as defined under this Agreement, or to create intended or expected third party status on any such non-Party.

**F.     Dispute Resolution, Enforceability, and Modification**

17.     The Court shall retain jurisdiction for the sole purpose of resolving disputes that may arise concerning the performance or alleged non-performance of this Agreement.  The Court's jurisdiction shall terminate one year after the issuance of the Record of Decision, unless the Parties have notified the Court of a dispute regarding compliance with this Agreement and that dispute remains pending before this Court, in which case the Court's jurisdiction shall continue until the dispute is finally resolved in accordance with the dispute resolution provisions set forth herein. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

18.     In the event of a dispute arising out of the performance or alleged non-performance of this Agreement, or a proposed modification of the Agreement as provided in Paragraph 20, or any other dispute related to this Agreement while it is in effect, the Parties agree to notify all other Parties when a dispute or concern arises and request an opportunity promptly to discuss the disputed issues or concerns.  All Parties shall first make a good faith, concerted effort to resolve the dispute or concern through direct negotiations within five business days, or thereafter with the assistance of Judge Ryu or another court-appointed magistrate judge.  If the Parties are unable to resolve the dispute within 45 days of the receipt of the notice of the dispute or concern or such longer

9

time to which they agree, any party may seek relief in court.  The Parties' remedy for any breach of this Agreement by the Defendants or any other Party shall be limited to a motion for declaratory or injunctive relief to enforce the terms of this Agreement, except that Plaintiffs may seek an award of attorneys' fees and costs from Defendants as provided under existing law related to such a motion.  In the event of a breach of any court order granting a motion against Defendants or any other Party to enforce the terms of this Agreement, any Party may seek enforcement of such court order, but may not seek criminal or monetary sanctions from Defendants as a remedy for a breach of such a court order, except that Plaintiffs may seek an award of attorneys' fees and costs against Defendants as provided under existing law related to such an enforcement action.  If Plaintiffs initiate a proceeding to enforce this Agreement and Defendants still fail to comply with any resulting Court order requiring Defendants' compliance with this Agreement, Plaintiffs may elect to move the court to declare this Agreement null and void and, if the Court grants that motion, Plaintiffs may reinstate without limitation all Claims in their Amended Complaint and bring any other claims that they may have.

19.     Notwithstanding the terms of Paragraph 18, any Party may seek interim injunctive or declaratory relief from the Court to avoid immediate, irreparable harm and maintain the status quo pending such resolution efforts, but before seeking such relief from the Court must first notify all other Parties of the disputed issue or concern and request an opportunity promptly to discuss the disputed issues or concerns.  Before seeking interim injunctive or declaratory relief from the Court, all Parties shall first make a good faith, concerted effort to resolve the dispute or concern through direct negotiations within five business days.  A motion seeking interim relief from the Court pursuant to this Paragraph shall not seek to hold any Party in contempt of court.  If the Court grants a request for interim injunctive relief, then NPS may seek relief from any deadlines under this Agreement commensurate with the length of any such injunction through mutual agreement with the Parties, or pursuant to the process outlined in Paragraphs 17 and 18.

20.     The Parties reserve the right to modify this Agreement upon mutually agreeable terms to address circumstances not presently anticipated, including any force majeure event as described in Paragraph 22.  Any modification of this Agreement shall be made in writing and approved by the Parties.  Court approval of any such written modification shall not be required.

## G.    Fees and Costs

21.    Defendants and Intervenors agree to bear their own fees and costs associated with the above-captioned ligation.  Plaintiffs reserve the right to seek an award against NPS for reasonable attorneys' fees and costs incurred in connection with this lawsuit, except that Plaintiffs and Keker & Van Nest LLP waive any right to fees incurred, charged, or otherwise assessed by Keker & Van Nest LLP to the date of entry of an Order by the Court approving this Agreement.  In the event that Plaintiffs seek fees and costs against NPS, they shall not seek fees for any work done by any current or former employee of the Keker & Van Nest firm, including, but not limited to, any attorney, paralegal, legal assistant, or other support staff, except that Plaintiffs do not waive their right to seek a fees and costs award for work done on this case by Laird Lucas in his capacity as Executive Director of Advocates for the West.  The Plaintiffs and NPS shall attempt promptly to reach agreement as to Plaintiffs' entitlement to any other fees and costs recovery and the appropriate amount of such recovery.  If Plaintiffs and NPS are unable to reach agreement, they agree to seek the assistance of Judge Ryu or another court-appointed magistrate judge.  If an agreement cannot be reached after good-faith efforts and mediation, Plaintiffs may then file a motion with the Court for such recovery.  By entering this Agreement, NPS preserves, and does not waive, any arguments, claims, defenses, or right to contest entitlement to or the amount of fees or costs claimed by Plaintiffs.

## H.    Force Majeure Event

22.    A "force majeure event" means an event beyond the reasonable control of NPS that prevents NPS from fulfilling any obligation required by this Agreement despite the exercise of due diligence.  Such events may include natural disasters, war, strikes, court order, or legal prohibitions.  The term "due diligence" as used herein means, to the extent reasonably possible, taking steps to prevent the force majeure event from occurring, or to minimize the extent of the force majeure event's interference with NPS's performance of any affected obligations under this Agreement. Except as provided by Paragraph 23 of the Agreement, NPS shall not take actions directly or indirectly to encourage, cause, or instigate a force majeure event.  If a force majeure event materially delays or prevents Defendants from complying with the Planning Commitments set forth in Section A of this Agreement, Plaintiffs may institute the process outlined in Paragraphs 17, 18 and 19, and, if direct

1    negotiation and mediation is unsuccessful, move the Court to void this Agreement and reinstate their

2    claims, provided however that the Defendants' delay in performance, or non-performance, of an

3    obligation required by this Agreement caused by a force majeure event is not a failure to comply with

4    the terms of this Agreement so long as NPS complies with the following in the event of a force

5    majeure event:

6            a.    NPS shall notify all Parties in writing within ten days of the onset of the

7    claimed force majeure event, and to the extent then known by NPS, of the nature and expected

8    duration of such event, its actual or anticipated interference with NPS's performance of any affected

9    obligations under this Agreement, and a description of the steps taken or proposed to be taken to

10   prevent or minimize the force majeure event's interference with NPS's performance of any affected

11   obligations under this Agreement;

12           b.    NPS shall provide periodic written notification to all Parties of NPS's

13   efforts to address and resolve a force majeure event; and

14           c.    If any Party disputes NPS's claim of a force majeure event, or the

15   adequacy of NPS's efforts to address and resolve such event, all Parties shall comply with the Dispute

16   Resolution Process specified in Paragraphs 17, 18, and 19.

17       **I.    Authority, Execution, and General Terms of Agreement**

18       23.    Nothing in this Agreement is intended or shall be construed to affect or limit the

19   authority or obligation of the NPS to fulfill its constitutional, statutory, and regulatory responsibilities

20   or comply with any judicial decision.  Nothing in this Agreement shall be deemed to limit the

21   authority of the executive branch of the United States to make recommendations to Congress on any

22   particular proposed legislation.  Nothing in this Agreement is intended or shall be construed to deprive

23   any public official of the authority to revise, amend, or promulgate regulations.

24       24.    Except as specifically provided for herein, all Ranchers who desire Interim

25   Leases shall become Parties to this Agreement by signing it and, upon execution, each Party shall have

26   the right to enforce the provisions of this Agreement as provided for herein.  The County of Marin

27   shall become a Party to this Agreement and, upon execution by authorized County officials, the

28   County of Marin shall have the right to enforce its provisions as provided for herein.

25. The Parties acknowledge and agree that the terms of this Agreement ensure the following material consideration on behalf of each Party:

(a) Plaintiffs' dismissal of their claims, and their agreement to the GMP Amendment/EIS process described herein and issuance (and assignment) of any Interim Leases, as described herein;

(b) Defendants' commitment to prepare and issue the GMP Amendment/EIS described herein, and issue any Interim Leases (including assignments of such leases to family members) which may be appropriate;

(c) The Ranchers' and the PRSRA's agreement to the GMP Amendment/EIS process described herein, and commitment to uphold the terms of this Agreement.

The Parties acknowledge and agree this Agreement benefits the public and the Parties by prescribing a comprehensive public planning process that, through the investment of substantial public funds and personnel resources, will address issues and concerns that are important to the public and the Parties. The Parties further acknowledge and agree that this Agreement significantly benefits the Ranchers by resolving uncertainty stemming from this litigation, their current one-year authorizations, and their inability to assign those authorizations to family members. For these reasons, the Parties acknowledge and agree that the durability and successful implementation of this Agreement is in their mutual interest, as well as that of the public. The Parties therefore enter into this Agreement in good faith and commit to an ongoing obligation to comply with its terms and safeguard its integrity. Thus, the Ranchers, County of Marin, the PRSRA, and Plaintiffs agree not take any action that would nullify or void this Agreement or interfere with NPS's timely fulfillment of its obligations set forth herein.

26. Nothing in this Agreement shall be deemed to limit any Party from petitioning or making recommendations to Congress on any particular proposed legislation governing Point Reyes, the north District of the GGNRA, or legislation of broader applicability involving public lands, the environment, or natural resources, except as provided and enumerated below. Nothing in this Agreement is intended or shall be construed to deprive any Party from petitioning any administrative agency to revise, amend, or promulgate regulations governing Point Reyes, the north District of the GGNRA, or other public lands, except as provided and enumerated below. The Ranchers, County of Marin, PRSRA, and Plaintiffs agree that they will not, prior to approval of the Record of Decision,

exercise their rights to petition to: (1) amend the Interim Leases as defined by the Settlement

Agreement; (2) change the existing acreage for dairying and ranching under the Interim Leases; (3)

change the existing uses allowed under the Interim Leases, or (4) change during the Interim Period the

terms agreed to in Paragraph 4 herein.  The Ranchers, the County of Marin, the PRSRA, and Plaintiffs

agree that they will not, prior to approval of the Record of Decision, exercise their rights to petition to

preclude NPS from timely preparing and completing a GMP Amendment/EIS that, at a minimum,

addresses the lands currently leased for ranching in Point Reyes and in the north district of the Golden

Gate National Recreation area.

    27.  Defendants have represented to the Plaintiffs that funds are currently available

through the NPS budget for Fiscal Year 2017 for planning and compliance work in support of the

GMP Amendment/EIS and Record of Decision as described herein, provided however that nothing in

this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that NPS

obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C.

§ 1341 or any other applicable law.  To the extent that the expenditure or advance of any money or the

performance of any obligation of the United States under this Agreement requires a further

appropriation of funds by Congress, the expenditure, advance, or performance shall be contingent

upon the appropriation of funds by Congress that are available for this purpose and the apportionment

of such funds by the Office of Management and Budget.  No breach of this Agreement shall result and

no liability shall accrue to the United States in the event that further funds are not appropriated or

apportioned.  In the event NPS does not receive appropriated funds sufficient to meet its obligations

under this Agreement, NPS shall notify all Parties as provided for herein within fourteen days of

determining it has insufficient funds.  Upon NPS's notification, the Parties agree to discuss the impact

of any lack of funds and make a good faith, concerted effort to resolve concerns regarding any

potential impact on this Agreement through direct negotiations.  If the Parties are unable to reach an

agreement on a mutually acceptable path forward within 21 days of the receipt of the notice under this

paragraph, or such shorter time to which they agree upon, then the Parties agree to jointly request the

assistance of Judge Ryu or another court-appointed magistrate judge.  If, after good-faith efforts,

mediation is unsuccessful, then any Party may elect to move the Court to declare this Agreement null

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

and void.  If the Court grants that motion, Plaintiffs may reinstate without limitation all Claims in their Amended Complaint and bring any other claims that they may have.  Any Party signing this Agreement may file a motion to intervene.

28.     The Parties execute this Agreement solely for the purpose of compromising and settling this litigation and nothing herein shall be admitted as a precedent in any proceeding except any proceeding related to the enforcement of this Agreement.  This Agreement is not, and shall not be construed as, an admission against interest or of wrongdoing or liability, by any of the Parties with respect to any fact or issue involved in any pending or future litigation.

29.     This Agreement was negotiated between the Parties in good faith and was jointly drafted by the Parties.  Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Agreement.

30.     This Agreement represents the entirety of the Parties' commitments with regard to settlement.  There are no representations, agreements, or understandings relating to this settlement other than those expressly contained in this Agreement.

31.     The paragraph headings in this Agreement are for the convenience of the Parties and the Court and are not intended to be given any substantive effect in interpreting this Agreement.

32.     This Agreement may be executed in counterparts.  All executed counterparts shall constitute one Agreement, and each counterpart shall be deemed an original.

33.     All negotiations leading up to this Agreement, and any further negotiations related to this Agreement, are and will remain confidential, even after this expiration of this Agreement, subject to the terms and conditions of the Stipulated Confidentiality Order entered by the Court on September 19, 2016 (ECF No. 109).

34.     Each Party certifies that each person listed below signing for that Party is fully authorized to agree to the terms and conditions of this Agreement and to legally bind such Parties to it. This Agreement shall apply to and be binding upon each of the Parties including, but not limited to, their officers, directors, employees, and successors-in-interest.  The County of Marin represents that

the Marin County Board of Supervisors has reviewed and approved this Settlement Agreement prior to its execution.  PRSRA represents that its members have reviewed and approved this Settlement Agreement prior to its execution.

**J.  Notice**

35.  For any provision of this Settlement Agreement that requires notice to be provided to any Party, notice shall be made to counsel for the Party by hard copy and electronic mail at the following addresses (with the exception of PRSRA, which shall be given notice directly rather than through counsel as set forth below):

For Federal Defendants National Park Service and Cicely Muldoon in her official capacity as Superintendent of Point Reyes National Seashore:

JOSEPH T. MATHEWS
Trial Attorney, U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202) 305-0432
Facsimile: (202) 305-0506
Email: joseph.mathews@usdoj.gov

MICHAEL T. PYLE
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Facsimile: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

For Plaintiffs Resource Renewal Institute, Center for Biological Diversity, and Western Watersheds Project:

JEFFREY R. CHANIN
jchanin@keker.com
DAVID W. RIZK
drizk@keker.com
KEKER, VAN NEST & PETERS, LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

LAURENCE ("LAIRD") J. LUCAS

16

llucas@advocateswest.org
ELIZABETH H. POTTER
epotter@advocateswest.org
ADVOCATES FOR THE WEST
P.O. Box 1612, Boise, ID 83701
Telephone:    208 342 7024
Facsimile:    208 342 8286

For JULIE EVANS ROSSOTTI, DAVID EVANS, DAN and DOLORES EVANS, ROBERT MCCLURE, TIM, TOM, and MIKE KEHOE, NICHOLA, ERNIE, and ERNEST SPALETTA, JR., BETTY NUNES, WILLIAM and NICOLETTE NIMAN, LINDA and JARROD MENDOZA, JOLYNN and ROBERT MCCLELLAND, and ROBERT GIACOMINI:

Peter Obstler
Brown George Ross LLP
101 California Street (Suite 1225)
San Francisco CA 94111
Office: (415) 391-7100
Fax: (415) 391-7198
Email: pobstler@bgrfirm.com

HARRIS SHERMAN
harris.sherman@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
Tel: 303.863.2347
Fax: 303.832.0428

For KEVIN and NANCY LUNNY; RICHARD and JACKIE GROSSI; TED and RHEA MCISAAC; GINO LUCCHESI, JR., and CLAYTON LUCCHESI; MIKE and MORGAN GIAMONNA; RICHARD GALLAGHER; RALPH GIACOMINI, JR., and LUKE GIACOMINI; FRED and GINNY ROGERS; LOUIS and WYATT ZANARDI; and PAULETTE PERCY:

CAROLINE LOBDELL
SCOTT W. HORNGREN
Western Resources Legal Center
9220 SW Barbur Blvd., Suite 327
Portland, Oregon 97219
Telephone: (503) 768-8500
Facsimile: (503) 222-3255
Email: clobdell@wrlegal.org
        shorngren@wrlegal.org

For the POINT REYES SEASHORE RANCHERS ASSOCIATION:

15020 Sir Francis Drake Blvd.
Inverness, CA 94937

For COUNTY OF MARIN:

BRIAN E. WASHINGTON, SBN 146807
COUNTY COUNSEL

Office of the County Counsel, County of Marin
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.:    (415) 473-6117
Fax:    (415) 473-3796
bwashington@marincounty.org

Upon written notice to the other Parties, any Party may designate a successor contact person for any matter relating to this Agreement.

WHEREFORE, after reviewing the terms and conditions of this Agreement, the Parties hereby consent and agree to the terms and conditions of this Agreement.

Dated: _March 3, 2017_      By: _Deborah S. Moskowitz_
                              RESOURCE RENEWAL INSTITUTE

Dated:_____      By: _____
                              CENTER FOR BIOLOGICAL DIVERSITY

Dated: _____     By: _____
                              WESTERN WATERSHEDS PROJECT

Dated: _____     By: _____
                              LAURA E. JOSS, REGIONAL DIRECTOR,
                              PACIFIC WEST REGION, NATIONAL
                              PARK SERVICE for Defendants
                              NATIONAL PARK SERVICE AND
                              CICELY MULDOON, in her official
                              capacity as SUPERINTENDENT OF
                              POINT REYES NATIONAL SEASHORE

Dated: _____     By: _____
                              COUNTY OF MARIN

Dated: _____     By: _____
                              JULIE EVANS ROSSOTTI

BRIAN E. WASHINGTON, SBN 146807
COUNTY COUNSEL
Office of the County Counsel, County of Marin
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.:   (415) 473-6117
Fax:   (415) 473-3796
bwashington@marincounty.org

Upon written notice to the other Parties, any Party may designate a successor contact person for any matter relating to this Agreement.

WHEREFORE, after reviewing the terms and conditions of this Agreement, the Parties hereby consent and agree to the terms and conditions of this Agreement.

Dated:_____     By:_____
                                                        RESOURCE RENEWAL INSTITUTE

Dated:____3/4/17_____     By:_____
                                                        CENTER FOR BIOLOGICAL DIVERSITY

Dated:_____     By:_____
                                                        WESTERN WATERSHEDS PROJECT

Dated:_____     By:_____
                                                        LAURA E. JOSS, REGIONAL DIRECTOR,
                                                        PACIFIC WEST REGION, NATIONAL
                                                        PARK SERVICE for Defendants
                                                        NATIONAL PARK SERVICE AND
                                                        CICELY MULDOON, in her official
                                                        capacity as SUPERINTENDENT OF
                                                        POINT REYES NATIONAL SEASHORE

Dated:_____     By:_____
                                                        COUNTY OF MARIN

Dated:_____     By:_____
                                                        18

Office of the County Counsel, County of Marin
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.:   (415) 473-6117
Fax:   (415) 473-3796
bwashington@marincounty.org

Upon written notice to the other Parties, any Party may designate a successor contact person for any matter relating to this Agreement.

WHEREFORE, after reviewing the terms and conditions of this Agreement, the Parties hereby consent and agree to the terms and conditions of this Agreement.

Dated:_____     By: _____
                                    RESOURCE RENEWAL INSTITUTE


Dated:_____     By: _____
                                    CENTER FOR BIOLOGICAL DIVERSITY


Dated: _March 6, 2017_              By: _____
                                    WESTERN WATERSHEDS PROJECT


Dated: _____    By: _____
                                    LAURA E. JOSS, REGIONAL DIRECTOR,
                                    PACIFIC WEST REGION, NATIONAL
                                    PARK SERVICE for Defendants
                                    NATIONAL PARK SERVICE AND
                                    CICELY MULDOON, in her official
                                    capacity as SUPERINTENDENT OF
                                    POINT REYES NATIONAL SEASHORE


Dated: _____    By: _____
                                    COUNTY OF MARIN


Dated: _____    By: _____
                                    JULIE EVANS ROSSOTTI

18

1   Office of the County Counsel, County of Marin
    3501 Civic Center Drive, Room 275
2   San Rafael, CA 94903
    Tel.:   (415) 473-6117
3   Fax:    (415) 473-3796
    bwashington@marincounty.org
4

        Upon written notice to the other Parties, any Party may designate a successor contact person
5

6   for any matter relating to this Agreement.

7       WHEREFORE, after reviewing the terms and conditions of this Agreement, the Parties hereby

8   consent and agree to the terms and conditions of this Agreement.

9   Dated:_____   By:_____
                                          RESOURCE RENEWAL INSTITUTE
10

11

12  Dated:_____   By:_____
                                          CENTER FOR BIOLOGICAL DIVERSITY
13

14

15  Dated:_____   By:_____
                                          WESTERN WATERSHEDS PROJECT
16

17

18  Dated: _6/28/17_____   By: _Laura E. Joss_____
                                          LAURA E. JOSS, REGIONAL DIRECTOR,
19                                        PACIFIC WEST REGION, NATIONAL
                                          PARK SERVICE for Defendants
20                                        NATIONAL PARK SERVICE AND
                                          CICELY MULDOON, in her official
21                                        capacity as SUPERINTENDENT OF
                                          POINT REYES NATIONAL SEASHORE
22

23

24  Dated:_____   By:_____
                                          COUNTY OF MARIN
25

26

27  Dated:_____   By:_____
                                          JULIE EVANS ROSSOTTI
28

18

1
2
3
4

Office of the County Counsel, County of Marin
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.:    (415) 473-6117
Fax:    (415) 473-3796
bwashington@marincounty.org

5   Upon written notice to the other Parties, any Party may designate a successor contact person

6   for any matter relating to this Agreement.

7   WHEREFORE, after reviewing the terms and conditions of this Agreement, the Parties hereby

8   consent and agree to the terms and conditions of this Agreement.

9   Dated:_____   By: _____
10                                        RESOURCE RENEWAL INSTITUTE

11

12  Dated:_____   By: _____
13                                        CENTER FOR BIOLOGICAL DIVERSITY

14

15  Dated:_____   By: _____
16                                        WESTERN WATERSHEDS PROJECT

17

18  Dated:_____   By: _____
19                                        LAURA E. JOSS, REGIONAL DIRECTOR,
                                         PACIFIC WEST REGION, NATIONAL
20                                       PARK SERVICE for Defendants
                                         NATIONAL PARK SERVICE AND
21                                       CICELY MULDOON, in her official
                                         capacity as SUPERINTENDENT OF
22                                       POINT REYES NATIONAL SEASHORE

23

24  Dated: 7·5·17                     By: _____
25                                        COUNTY OF MARIN

26

27  Dated: 2-27-17                    By: _____
28                                        JULIE EVANS ROSSOTTI



18

Office of the County Counsel, County of Marin
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.:   (415) 473-6117
Fax:    (415) 473-3796
bwashington@marincounty.org

Upon written notice to the other Parties, any Party may designate a successor contact person for any matter relating to this Agreement.

WHEREFORE, after reviewing the terms and conditions of this Agreement, the Parties hereby consent and agree to the terms and conditions of this Agreement.

Dated:_____    By:_____
                                 RESOURCE RENEWAL INSTITUTE


Dated:_____    By:_____
                                 CENTER FOR BIOLOGICAL DIVERSITY


Dated:_____    By:_____
                                 WESTERN WATERSHEDS PROJECT


Dated:_____    By:_____
                                 LAURA E. JOSS, REGIONAL DIRECTOR,
                                 PACIFIC WEST REGION, NATIONAL
                                 PARK SERVICE for Defendants
                                 NATIONAL PARK SERVICE AND
                                 CICELY MULDOON, in her official
                                 capacity as SUPERINTENDENT OF
                                 POINT REYES NATIONAL SEASHORE


Dated:_____    By:_____
                                 COUNTY OF MARIN


Dated: 2-27-17                   By: Julie Evans Rossotti
                                 JULIE EVANS ROSSOTTI

18

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

1

2

Dated: ___3-2-17___   By: _____

3                                   DAVID EVANS

4

5

6   Dated: _____   By: _____

                                    DAN EVANS

7

8

9   Dated: _____   By: _____

                                    DOLORES EVANS

10

11

    Dated: ___3-2-17___   By: _____

12                                  ROBERT MCCLURE

13

14

15  Dated: _____   By: _____

                                    TIM KEHOE

16

17

18  Dated: _____   By: _____

                                    TOM KEHOE

19

20

21  Dated: _____   By: _____

                                    MIKE KEHOE

22

23

24  Dated: _____   By: _____

                                    NICHOLA SPALETTA

25

26

27  Dated: _____   By: _____

                                    ERNIE SPALETTA

28

Dated: _3-2-17_       By: _____
                DAVID EVANS

Dated: _____   By: _____
                DAN EVANS

Dated: _____   By: _____
                DOLORES EVANS

Dated: _____   By: _____
                ROBERT MCCLURE

Dated: _____   By: _____
                TIM KEHOE

Dated: _____   By: _____
                TOM KEHOE

Dated: _____   By: _____
                MIKE KEHOE

Dated: _3.2.17_       By: _____
                NICHOLA SPALETTA

Dated: _3-2-17_       By: _____
                ERNIE SPALETTA

Dated: _____     By: _____
                                  DAVID EVANS

Dated: _____     By: _____
                                  DAN EVANS

Dated: _____     By: _____
                                  DOLORES EVANS

Dated: _____     By: _____
                                  ROBERT MCCLURE

Dated: 2/28/17            By: _____
                                  TIM KEHOE

Dated: 2/28/2017          By: _____
                                  TOM KEHOE

Dated: 2/28/2017          By: _____
                                  MIKE KEHOE

Dated: _____     By: _____
                                  NICHOLA SPALETTA

Dated: _____     By: _____
                                  ERNIE SPALETTA

19

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

Dated: _____     By: _____
                                       DAVID EVANS

Dated: 2-27-17                     By: _____
                                       DAN EVANS

Dated: 2-27-17                     By: _____
                                       DOLORES EVANS

Dated: _____     By: _____
                                       ROBERT MCCLURE

Dated: _____     By: _____
                                       TIM KEHOE

Dated: _____     By: _____
                                       TOM KEHOE

Dated: _____     By: _____
                                       MIKE KEHOE

Dated: _____     By: _____
                                       NICHOLA SPALETTA

Dated: _____     By: _____
                                       ERNIE SPALETTA

19

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

1

Dated: _3-2-17_                    By: _____
                                       ERNEST SPALETTA, JR.

2

3

4

Dated: _3-2-17_                    By: _____
                                       BETTY NUNES

5

6

7

Dated: _____          By: _____
                                       WILLIAM NIMAN

8

9

10

Dated: _____          By: _____
                                       NICOLETTE NIMAN

11

12

13

Dated: _____          By: _____
                                       LINDA MENDOZA

14

15

16

Dated: _3-2-17_                    By: _____
                                       JARROD MENDOZA

17

18

19

Dated: _3/02/17_                   By: _____
                                       JOLYNN MCCLELLAND

20

21

22

Dated: _____          By: _____
                                       ROBERT MCCLELLAND

23

24

25

Dated: _____          By: _____
                                       ROBERT GIACOMINI

26

27

Dated: _3/2/2017_                  By: _____
                                       KEVIN LUNNY

28

20

1 | Dated: _____                By: _____
                                              ERNEST SPALETTA, JR.
2

3

4 | Dated: _____                By: _____
                                              BETTY NUNES
5

6

7 | Dated: **March 3, 2017**              By: _____
                                              WILLIAM NIMAN
8

9

10 | Dated: **March 3, 2017**             By: _____
                                              NICOLETTE NIMAN
11

12

13 | Dated: _____               By: _____
                                              LINDA MENDOZA
14

15

16 | Dated: _____               By: _____
                                              JARROD MENDOZA
17

18

19 | Dated: _____               By: _____
                                              JOLYNN MCCLELLAND
20

21

22 | Dated: _____               By: _____
                                              ROBERT MCCLELLAND
23

24

25 | Dated: _____               By: _____
                                              ROBERT GIACOMINI
26

27

28 | Dated: _____               By: _____
                                              KEVIN LUNNY

20

1

Dated: _____          By: _____
                                                ERNEST SPALETTA, JR.
2

3

4

Dated: _____          By: _____
                                                BETTY NUNES
5

6

7

Dated: _____          By: _____
                                                WILLIAM NIMAN
8

9

10

Dated: _____          By: _____
                                                NICOLETTE NIMAN
11

12

13

Dated: _____          By: _____
                                                LINDA MENDOZA
14

15

16

Dated: _____          By: _____
                                                JARROD MENDOZA
17

18

19

Dated: _____          By: _____
                                                JOLYNN MCCLELLAND
20

21

22

Dated: _____          By: _____
                                                ROBERT MCCLELLAND
23

24

25

Dated: 2-28-17                              By: _____
                                                ROBERT GIACOMINI
26

27

28

Dated: _____          By: _____
                                                KEVIN LUNNY

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

1    Dated: _____    By: _____
2                                            ERNEST SPALETTA, JR.

3

4    Dated: _____    By: _____
5                                            BETTY NUNES

6

7    Dated: _____    By: _____
8                                            WILLIAM NIMAN

9

10   Dated: _____    By: _____
11                                           NICOLETTE NIMAN

12
13   Dated: _3 - 2 - 2017_____   By: _Linda Mendoza_____
14                                           LINDA MENDOZA

15

16   Dated: _____    By: _____
17                                           JARROD MENDOZA

18
19   Dated: _3|02|17_____    By: _Jolynn McClelland_____
20                                           JOLYNN MCCLELLAND

21
22   Dated: _3/02/17_____    By: _____
23                                           ROBERT MCCLELLAND

24

25   Dated: _____    By: _____
26                                           ROBERT GIACOMINI

27
28   Dated: _____    By: _____
                                             KEVIN LUNNY

                              20

Dated: _3/2/2017_          By: _____
                                 NANCY LUNNY

Dated: _3-2-2017_          By: _____
                                 RICHARD GROSSI

Dated: _3-2-2017_          By: _____
                                 JACKIE GROSSI

Dated: _2/2/17_            By: _____
                                 TED MCISAAC *conditioned upon the
                           addition of Levi McIsaac to the leases,

Dated: _____      By: _____
                                 RHEA MCISAAC

Dated: _____      By: _____
                                 GINO LUCCHESI, JR.

Dated: _____      By: _____
                                 CLAYTON LUCCHESI

Dated: _3-2-17_            By: _____
                                 MIKE GIAMONNA

Dated: _____      By: _____
                                 MORGAN GIAMONNA

21

1

2
Dated: 3/2/2017                              By: _____
3                                                    NANCY LUNNY
4

5
Dated: 3-2-2017                              By: _____
6                                                    RICHARD GROSSI
7

8
Dated: 3-2-2017                              By: _____
9                                                    JACKIE GROSSI
10

11
Dated: 2/2/17                                By: _____
12                                                   TED MCISAAC * Conditioned upon the
13                                       addition of Levi McIsaac to the leases,
14
Dated: 7·6-17                                By: _____
15                                                   RHEA MCISAAC * conditioned upon
16                                       the addition of Levi McIsaac to the
                                         leases,
17
Dated: _____               By: _____
18                                                   GINO LUCCHESI, JR.
19

20
Dated: _____               By: _____
21                                                   CLAYTON LUCCHESI
22

23
Dated: 3-2-17                                By: _____
24                                                   MIKE GIAMONNA
25

26
Dated: _____               By: _____
27                                                   MORGAN GIAMONNA
28



Dated: _____    By: _____
                                         NANCY LUNNY

Dated: _____    By: _____
                                         RICHARD GROSSI

Dated: _____    By: _____
                                         JACKIE GROSSI

Dated: _____    By: _____
                                         TED MCISAAC

Dated: _____    By: _____
                                         RHEA MCISAAC

Dated: _____    By: _____
                                         GINO LUCCHESI, JR.

Dated: _____    By: _____
                                         CLAYTON LUCCHESI

Dated: _____    By: _____
                                         MIKE GIAMONNA

Dated: 3-8-2017 _____    By: _____
                                         MORGAN GIAMONNA

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

1

2

3
Dated: _____          By: _____
                                       NANCY LUNNY

4

5

6
Dated: _____          By: _____
                                       RICHARD GROSSI

7

8

9
Dated: _____          By: _____
                                       JACKIE GROSSI

10

11

12
Dated: _____          By: _____
                                       TED MCISAAC

13

14

15
Dated: _____          By: _____
                                       RHEA MCISAAC

16

17

18
Dated: 3-2 -2017                   By: _____
                                       GINO LUCCHESI, JR.

19

20

21
Dated: 3-2-2017                    By: _____
                                       CLAYTON LUCCHESI

22

23

24
Dated: _____          By: _____
                                       MIKE GIAMONNA

25

26
Dated: _____          By: _____
                                       MORGAN GIAMONNA

27

28

21

1

Dated: _____     By: _Richard Gallagher_____
                                        RICHARD GALLAGHER

2

3

4

Dated: _____     By: _____
                                        RALPH GIACOMINI, JR.

5

6

7

Dated: _3/2/2017_____     By: _____
                                        LUKE GIACOMMINI

8

9

10

Dated: _3- 2 - 2017_____      By: _____
                                        FRED ROGERS

11

12

13

Dated: _3-2-2017_____      By: _____
                                        GINNY ROGERS

14

15

16

Dated: _3/2/17_____      By: _____
                                        PAULETTE PERCY

17

         3/02/17

18                                       _____, Secretary

Dated: _3/2/2017_____      By: _____, President
                                        POINT REYES SEASHORE RANCHERS
19

20                                      ASSOCIATION

21

22

23                                      KEKER, VAN NEST & PETERS, LLP

24

Dated: _____     By: _____
25                                      JEFFREY R. CHANIN
                                        DAVID RIZK

26

27

28

22
STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

1    Dated: _____         By: _____
2                                          RICHARD GALLAGHER
3
4    Dated: 3/9/17                     By: _Ralph Giacomini Jr._
5                                          RALPH GIACOMINI, JR.
6
7    Dated: _____         By: _____
8                                          LUKE GIACOMMINI
9
10   Dated: _____         By: _____
11                                         FRED ROGERS
12
13   Dated: _____         By: _____
14                                         GINNY ROGERS
15
16   Dated: _____         By: _____
17                                         PAULETTE PERCY
18
19   Dated: _____         By: _____
20                                         POINT REYES SEASHORE RANCHERS
                                           ASSOCIATION
21
22
23                                    KEKER, VAN NEST & PETERS, LLP
24
25   Dated: _____         By: _____
                                           JEFFREY R. CHANIN
26                                         DAVID RIZK
27
28

1

Dated: _____          By: _____
                                                  RICHARD GALLAGHER
2

3

4    Dated: _____          By: _____
                                                  RALPH GIACOMINI, JR.
5

6

7    Dated: _____          By: _____
                                                  LUKE GIACOMMINI
8

9

10   Dated: _____          By: _____
                                                  FRED ROGERS
11

12

13   Dated: _____          By: _____
                                                  GINNY ROGERS
14

15

16   Dated: _____          By: _____
                                                  PAULETTE PERCY
17

18

19   Dated: _____          By: _____
                                                  POINT REYES SEASHORE RANCHERS
20                                                ASSOCIATION

21

22

23                                                KEKER, VAN NEST & PETERS, LLP

24
     Dated: June 29, 2017                         By: /s/ Jeffrey R. Chanin
25   _____                  _____
                                                  JEFFREY R. CHANIN
26                                                DAVID RIZK

27

28

ADVOCATES FOR THE WEST

Dated: June 28, 2017                          By: /s/ Elizabeth H. Potter

                                              LAURENCE ("LAIRD") J. LUCAS
                                              ELIZABETH H. POTTER
                                              (pro hac vice OR Bar No. 105482)
                                              P.O. Box 1612
                                              Boise, ID  83701
                                              Telephone:  208 342 7024
                                              Facsimile:   208 342 8286

                                              RESOURCE RENEWAL INSTITUTE,
                                              CENTER FOR BIOLOGICAL
                                              DIVERSITY, and WESTERN
                                              WATERSHEDS PROJECT

                                              UNITED STATES DEPARTMENT OF
                                              JUSTICE

                                              JEFFREY H. WOOD
                                              Acting Assistant Attorney General
                                              Environment & Natural Resources Division

Dated:   July 12, 2017                        By:
                                              JOSEPH T. MATHEWS
                                              Trial Attorney (Colo. Bar No. 42865)
                                              Environment & Natural Resources Division
                                              United States Department of Justice
                                              P.O. Box 7611
                                              Ben Franklin Station
                                              Washington, DC 20044-7611
                                              Telephone: (202) 305-0432
                                              Facsimile: (202) 305-0506
                                              Email: joseph.mathews@usdoj.gov

                                              BRIAN J. STRETCH
                                              United States Attorney

                                              MICHAEL T. PYLE (Cal. Bar No. 172954)
                                              Assistant United States Attorney
                                              150 Almaden Boulevard, Suite 900
                                              San Jose, California 95113
                                              Telephone: (408) 535-5087
                                              Facsimile: (408) 535-5081
                                              Email:  michael.t.pyle@usdoj.gov

                                              Attorneys for Defendants
                                              NATIONAL PARK SERVICE, and
                                              CICELY MULDOON IN HER OFFICIAL
                                              CAPACITY AS SUPERINTENDENT OF
                                              POINT REYES NATIONAL SEASHORE

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

APPROVED AS TO FORM:

Dated: 3-2-17          By: _____

PETER OBSTLER
peter.obstler@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415.471.3100
Fax: 415.471.3400

Attorneys for JULIE EVANS ROSSOTTI, DAVID EVANS, DAN and DOLORES EVANS, ROBERT McCLURE, TIM, TOM, and MIKE KEHOE, NICHOLA, ERNIE, and ERNEST SPALETTA, JR., BETTY NUNES, WILLIAM and NICOLETTE NIMAN, LINDA and JARROD MENDOZA, JOLYNN and ROBERT MCCLELLAND, and ROBERT GIACOMINI:

Dated: 3-2-17          By: _____

REMY MOOSE MANLEY, LLP
HOWARD F. WILKINS III (SBN 203083)
555 Capitol Mall, Suite 800
Sacramento, CA 95814
Telephone: (916) 443-2745
Facsimile: (916) 443-9017
Email: cwilkins@rmmenvirolaw.com

CAROLINE LOBDELL (Ore. Bar #021236),
*Pro Hac Vice*
SCOTT HORNGREN (Ore. Bar #880604),
*Pro Hac Vice*
Western Resources Legal Center
9220 SW Barbur Blvd., Suite 327
Portland, OR 97219
Telephone: (503) 768-8500
Facsimile: (503) 222-3255
Email: clobdell@wrlegal.org
        shorngren@wrlegal.org

Attorneys for KEVIN and NANCY LUNNY; RICHARD and JACKIE GROSSI; TED and RHEA MCISAAC; GINO LUCCHESI, JR., CLAYTON LUCCHESI; MIKE and MORGAN GIAMONNA; RICHARD GALLAGHER; RALPH GIACOMINI, JR. and LUKE GIACOMINI; FRED and GINNY ROGERS; LOUIS and WYATT ZANARDI; and PAULETTE PERCY.

24

STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 4:16-cv-00688-SBA (KAW)

Dated: 2/22/2017                    By: _____

BRIAN E. WASHINGTON, SBN 146807
COUNTY COUNSEL
Office of the County Counsel, County of Marin
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.:   (415) 473-6117
Fax:   (415) 473-3796
bwashington@marincounty.org

## CERTIFICATION OF CONCURRENCE FROM OTHER PARTIES

I, Elizabeth H. Zultoski, am the ECF user whose ID and password are being used to file this Stipulation.   In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby attest that each of the signatories has concurred in the filing of this document and has authorized the use of his or her electronic signature.

Dated: _____, 2017          /s/ DRAFT
                                          Elizabeth H. Zultoski

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.   __July 14__, 2017.

THE HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

25

Dated:                                      By: _____

                                                BRIAN E. WASHINGTON, SBN 146807
                                                COUNTY COUNSEL
                                                Office of the County Counsel, County of Marin
                                                3501 Civic Center Drive, Room 275
                                                San Rafael, CA 94903
                                                Tel.:    (415) 473-6117
                                                Fax:    (415) 473-3796
                                                bwashington@marincounty.org

**CERTIFICATION OF CONCURRENCE FROM OTHER PARTIES**

I, Joseph T. Mathews, am the ECF user whose ID and password are being used to file this Stipulation.   In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby attest that each of the signatories has concurred in the filing of this document and has authorized the use of his or her electronic signature.

Dated:   July 12, 2017                      */s/ Joseph T. Mathews*
                                             Joseph T. Mathews

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED. _____, 2017.

                                             _____
                                             THE HONORABLE SAUNDRA BROWN ARMSTRONG
                                             UNITED STATES DISTRICT JUDGE